UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIQIM ANWAR GHAZI EL, *for relator infant SS*,

                Petitioner,

-against-

NEW YORK CITY'S ADMINISTRATION OF CHILD SERVICES; ALICE NYABOGA; GOOD SHEPHERD SERVICES; ROSIO MARTINEZ, Family Court Magistrate; MARIA ARIAS, Attorney; MATHEW TREZZA, ESQ., Attorney for Anastasia Strizhak, Attorney for SS,

                Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/22/2021

21-CV-3304 (GHW)

ORDER OF DISMISSAL

GREGORY H. WOODS, United States District Judge:

Petitioner Hiqim Anwar Ghazi El, appearing *pro se*, paid the $5.00 fee to bring this action by order to show cause under 28 U.S.C. §§ 2241 and 2254, on behalf of his minor daughter, SS. The petition is dismissed for the following reasons.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* uder 28 U.S.C. § 2241 from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court may entertain a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears

from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

Petitioner Ghazi El, who is a "Moorish American national," filed this *habeas corpus* petition seeking custody of his minor daughter, SS, who appears to currently be in foster care. (ECF 1 at 1.)[1] Named as Respondents in the petition are the New York City Administration for Children's Services (ACS); ACS employee Alice Nyabogo; Good Shepherd Services; Magistrate Rosio Martinez; Judge Maria Arias; and Attorney Mathew Trezza, who is representing SS's mother, Anastasia Strizhak, in ongoing proceedings in New York State Family Court, New York County. The petition contains the following allegations.

Petitioner, who is not a party to the Family Court matter, alerted ACS that he is SS's biological father. But ACS is unfairly "detain[ing]" SS "unconstitutionally" and "attempting to force" Petitioner "to surrender or waive [his] Moorish national birthright." (*Id.*) Attached to the

---

[1] Citations are to the Court's ECF pagination.

petition are documents related to Petitioner's Moorish identity, letters Petitioner has written to the Family Court seeking custody of SS, and various mailing receipts. (ECF 1-1.) In the unsigned order to show cause, Petitioner seeks to have his daughter brought to "this Court." (ECF 2.)

## DISCUSSION

### A.    Petition for *habeas* relief

Petitioner cannot bring claims on behalf of SS. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney cannot bring an action on behalf of a minor child in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys.").

Petitioner has not alleged any facts suggesting that he is an attorney. He cannot, therefore, assert any claims on behalf of another individual, including SS. The Court therefore dismisses without prejudice any claims Petitioner asserts on behalf of SS.[2]

---

[2] And because Petitioner is not in custody, he cannot obtain relief under § 2241 or § 2254. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3) (providing that a petitioner must allege that he "is custody in violation of the Constitution or laws or treaties of the United States").

3

**B.     Denial of leave to amend**

District courts generally grant a *pro se* petitioner an opportunity to amend a petition to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his petition.[3]

**C.     Order to show cause**

Petitioner filed an unsigned order to show cause requesting preliminary injunctive relief. To obtain such relief, Petitioner must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As discussed in this order, Petitioner's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a

---

[3] If Petitioner wishes to file a new civil action, he must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915. The Court takes no position on the merits of any complaint Petitioner might file.

fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, his request for an order to show cause (ECF 2) is denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The petition, filed under 28 U.S.C. §§ 2241 and 2254, is denied for failure to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). The order to show cause is denied, and the Clerk of Court is directed to terminate it. (ECF 2.)

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 22, 2021
         New York, New York

_____
GREGORY H. WOODS
United States District Judge